# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| DERRICK HARRIS, 763436,           ) | |
|             Petitioner,           ) | |
| )                                         | |
| v.                                        )           | No. 3:04-CV-800-N |
| )                                         | ECF |
| DOUGLAS DRETKE, Director, TDCJ-CID, ) | |
|             Respondent.         ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I.  Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Douglas Dretke, Director of TDCJ-CID.

## II.  Background

On September 13, 1996, Petitioner was convicted of murder. *State of Texas v. Derrick Harris*, No. F9551794-VH (1st Crim. Dist. Ct., Dallas County, Texas, Sept. 13, 1996). Petitioner was sentenced to sixty years confinement. On September 18, 1996, Petitioner appealed his conviction to the Fifth District Court of Appeals. *Harris v. State*, No. 05-96-01531-CR (Tex.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -1-

App. – Dallas, writ ref'd). On March 31, 1999, the court affirmed Petitioner's conviction. On April 6, 1999, Petitioner filed a motion for rehearing, which the court granted. On August 3, 1999, the Fifth District Court of Appeals affirmed Petitioner's conviction. On January 12, 2000, the Court of Criminal Appeals denied Petitioner's petition for discretionary review. (Resp. Ex. A).

On May 17, 2002, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Harris*, Application No. 53,696-01. On November 13, 2002, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court. *Id*. at cover. On May 6, 2003, Petitioner filed a second state habeas petition. *Ex parte Harris*, Application No. 53,696-02. On August 13, 2003, the Court of Criminal Appeals dismissed the petition. *Id*. at cover.

On April 11, 2004, Petitioner filed his federal petition. He argues: (1) he is actually innocent; (2) he received ineffective assistance of counsel; and (3) he was denied due process. On July 20, 2004, Respondent filed a preliminary response arguing the petition is time-barred. The Court now finds the petition should be dismissed as barred by limitations.

## II.  Discussion

### (a) Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final

after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]
This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

The Fifth District Court of Appeals affirmed Petitioner's conviction on March 31, 1999. On January 12, 2000, the Texas Court of Criminal Appeals denied the petition for discretionary review. The conviction therefore became final ninety days later, on April 11, 2000. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until April 11, 2001, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

U.S.C. § 2244 (d)(2).  Petitioner, however, did not file his first state habeas petition until May 17, 2002.  This petition was filed after the one-year limitations period expired.  It therefore did not toll the limitations period.

Petitioner was required to file his federal petition by April 11, 2001.  He did not file his petition until April 11, 2004.  His petition is therefore untimely.

### (b) Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling.  He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed December 5, 2005.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -5-

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).